IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DESHAUN STATEN,

                                 Plaintiff,                                 OPINION AND ORDER

     v.

                                                                    20-cv-228-wmc

JULIA PERSIKE,

                                Defendant.

*Pro se* plaintiff Deshaun Staten is proceeding in this lawsuit on Eighth Amendment and Wisconsin negligence claims arising from defendant Julia Persike's alleged refusal to respond to Staten's request for mental health treatment between February 28 and March 2, 2020, while Staten was being held on observation status at Columbia Correctional Institution ("Columbia"). Currently before the court are defendant's motion for summary judgment for Staten's failure to exhaust his administrative remedies (dkt. #27) and Staten's motion to voluntarily dismiss this case without prejudice (dkt. #38). For the reasons that follow briefly, the court will grant defendant's motion, deny Staten's motion, and dismiss Staten's Eighth Amendment claim without prejudice, while relinquishing jurisdiction over his state law claim.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must also

"properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

In Wisconsin, inmates start the complaint process by filing a complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2) (2018). "Each complaint may contain only one clearly identified issue." *Id.* § 310.07(5). If ICE rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal that rejection. *Id.* § 310.10(10). If the complaint is not rejected outright, ICE will make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.10(9). The offender complaint is then decided by the appropriate

2

reviewing authority, whose decision can also be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.11, 310.12. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.12, 310.13.

According to defendant, Staten submitted only one inmate complaint related to his psychological care, CCI-2020-5374. Defendant's position is that Staten did not adequately exhaust his claim against Persike through CCI-2020-5374 for two reasons. First, defendant points out that Staten raised no concern whatsoever in his CCI-2020-5374 complaint about Persike's treatment of him between February 28 and March 2, 2020. Instead, Staten complained that a Dr. Stange was denying him mental health programming despite his requests for access to programming or, alternatively, for placement in a mental hospital. (Ex. 1001 (dkt. #29-2) 13.) In particular, Staten explained that he wrote to Dr. Stange on March 17, 2020, asking that she talk to him about mental health programming, and she responded that Columbia does not have resources to provide programming. Staten neither mentioned Persike's refusal to provide him mental health treatment, nor did he complain about receiving inadequate mental health care while he was on observation status between February 28 and March 2 of 2020.

Second, even if properly raised, defendant points out that Staten did not complete the exhaustion process for CCI-2020-5374 complaint until *after* he filed this lawsuit. Indeed, Staten initiated this lawsuit on March 12, 2020, but did not even *submit* his inmate complaint until March 26, 2020. Even assuming for the sake of argument that Staten's complaint about Dr. Stange's handling of his mental health programming needs somehow

3

put prison officials on notice about Persike's interactions with Staten (itself a significant stretch), this would not save his claim from dismissal, since the PLRA dictates that the exhaustion process be complete *before* filing a lawsuit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a "sue first, exhaust later" approach is not acceptable.") (quoting *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)).

Staten's submissions in opposition do not warrant a different result. When Staten filed his opposition to defendant's motion, he also filed a motion for an extension of time to respond and to compel, representing that he had not received defendant's motion. Magistrate Judge Crocker granted him the extension but denied the motion to compel. (Dkt. 37.) Along with his opposition, Staten then attached multiple inmate complaints, which he suggests demonstrate that he exhausted his claim against Persike. (Dkt. ##36-1 to 36-5.) Instead, those attachments indicate that Staten complained about access to the law library and his administrative confinement, *not* his mental health treatment while he was on observation status between February 28 and March 2, 2020.

Even with the benefit of an extension of time to respond to defendant's motion for summary judgment due to a lack of exhaustion, Staten also opted to file a motion for voluntary dismissal, writing that he would like to dismiss his claim without prejudice to his ability to re-file it at a later time, when he will have more access to the law library. (Dkt. #38.) Under Federal Rule of Civil Procedure 41(a)(2), in circumstances in which a defendant has already filed an answer and does not stipulate to dismissal, the court may grant a motion to voluntarily dismiss on terms it deems appropriate. However, defendant

4

reasonably objects to Staten's motion because she has already expended the time and costs associated with bringing her motion for summary judgment. Given that Staten does not attempt to explain why he would need additional access to the law library to respond to defendant's straightforward motion, the court agrees that Persike would be unfairly prejudiced were it not to resolve her motion simply because Staten failed to respond more expansively.

Accordingly, the court will grant defendant's motion for summary judgment and dismiss Staten's Eighth Amendment claim without prejudice. Given that these rulings remove any subject matter jurisdiction over the parties' dispute, the court will also relinquish any supplemental jurisdiction over Staten's Wisconsin negligence claim against Persike. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015)(absent good grounds, the better practice is for a district court to relinquish supplemental jurisdiction over state claims once federal claims are dismissed).

ORDER

IT IS ORDERED that:

1. Defendant Julia Persike's motion for summary judgment on exhaustion grounds (dkt. #27) is GRANTED, and plaintiff's claims against Persike are DISMISSED without prejudice as provided above.

2. Plaintiff Deshaun Staten's motion for voluntarily dismissal (dkt. #38) is DENIED.

3. Plaintiff's motion for assistance in recruiting counsel (dkt. #23) is DENID as moot.

4.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 11th day of January, 2020.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge